UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS FELIPE DIAZ SANJURJO,

                Plaintiff,

    -v-

                             1:14-CV-85-DNH

CAROLYN W. COLVIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Legal Aid Society of Northeast New York<br>*Attorneys for Plaintiff*<br>55 Colvin Avenue<br>Albany, NY 12206 | Michael J. Telfer, Esq.<br>Shubh Nigam McTague, Esq. |
| Office of General Counsel<br>Social Security Administration, Region II<br>Attorneys for Defendant<br>26 Federal Plaza, Room 3804<br>New York, NY 10278 | Vernon Norwood, Esq. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Luis Felipe Diaz Sanjurjo ("plaintiff"), by and through his attorneys, filed a motion on February 23, 2016, for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2414, requesting $9,049.76. Defendant Commissioner of Social

Security Administration ("Commissioner" or "defendant") submits that plaintiff's counsel requested fees for an unreasonable amount of hours and requests that the award be reduced to $6,750.

## II.   **BACKGROUND**

Plaintiff's counsel,[1] of the Legal Aid Society of Northeastern New York, Inc., provided representation before the Appeals Council and this Court in the above captioned matter. Notably, on July 27, 2014, plaintiff filed a brief, pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), challenging the Commissioner's denial of Social Security Income ("SSI") benefits. Plaintiff challenged the Administrative Law Judge's ("ALJ") findings with regard to his residual functional capacity, credibility and whether the Step Five determinations were supported by substantial evidence.

On December 1, 2015, this Court issued a Decision and Order vacating the Commissioner's decision and remanding plaintiff's case for further proceedings. The Judgement was filed that same day. Plaintiff's counsel filed the motion for EAJA fees on February 23, 2016.[2] Plaintiff's counsel requested the billing rate of $193.84 per hour, which defendant has not objected to.

Plaintiff's counsel submits that they spent 35.6 hours researching and drafting the aforementioned brief, 36 minutes seeking to settle the EAJA claim, 3.9 hours preparing the

---

[1] Shubh N. McTague, Esq. and Michael J. Telfer, Esq. will be referred to collectively as "plaintiff's counsel" for the purposes of this Decision.

[2] There is no dispute from defendant that the motion for EAJA fees was timely. Moreover, this Court finds (1) plaintiff was the prevailing party; (2) the government's position was not substantially justified; and that plaintiff was provided a basis for his fee request. Thus, the only issue remaining to be resolved herein is whether the fees requested are reasonable.

instant memorandum of law and accompanying documents. Together, over the course of three years in representing plaintiff, counsel averred that their efforts in this matter amounted to 46.7 hours.[3]

Plaintiff emphasizes that the record was voluminous in nature, containing a transcript of 891 pages that spanned six years of administrative proceedings from the initial application for SSI benefits. Moreover, the case was remanded once by the Appeals Council prior to the 2015 remand by this Court. Thus, the record contained multiple proceedings within the Social Security Administration: (1) application filed in January 2008; (2) ALJ denied benefits in April 2010; (3) Appeals Council remanded in October 2010; (4) ALJ denied benefits again in May 2012; (4) Appeals Council denied request for review in December 2013; and (5) this Court remanded in December 2015. Accordingly, the record has more than 400 pages of medical records, two ALJ decisions, two decisions from the Appeals Council, and testimony from four separate hearings.

The Commissioner argues that plaintiff's request is "excessive and unreasonable for this routine Social Security disability case" because it did not involve "unusually complex or novel legal issues." Moreover, defendant notes that plaintiff's counsel refer to themselves as "experienced litigators in this area of the law." Defendant takes particular issue with the 35.6 hours spent researching and drafting the brief. For these reasons, defendant requests that the court reduce plaintiff's fee request to a total of 34.9 hours, amounting to $6,750.[4]

---

[3] It is noted that Shubh N. McTague, Esq. submitted 4.0 hours of work in 2014 and Michael J. Telfer, Esq. submitted 42.7 hours from 2014 through 2016.

[4] Although defendant does not dispute the reasonableness of plaintiff's requested hourly rate, this calculation results in an hourly rate of $193.40, whereas plaintiff requested $193.84 per hour.

### III. **LEGAL STANDARD**

"'The starting point for [a] fee determination is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" DiGennaro v. Bowen, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Hensley, 461 U.S. at 433. "In making this determination, the district court should exclude hours that are not 'reasonably expended,' i.e., hours that are excessive, redundant or otherwise unnecessary." DiGennaro, 666 F. Supp. at 433 (quoting Hensley, 461 U.S. at 434); see also Greenidge v. Barnhart, 2005 U.S. Dist. LEXIS 1996 (N.D.N.Y Feb. 11, 2005) (Sharpe, J.).

District courts in the Second Circuit have held that, on average, an attorney spends twenty (20) to forty (40) hours on routine social security cases. Vincent v. Astrue, 2010 U.S. Dist. LEXIS 146208, at *6 (N.D.N.Y May 24, 2010) (Bianchini, M.J.); Cruz v. Apfel, 48 F. Supp. 2d 226, 231 (E.D.N.Y.1999); see also Coughlin v. Astrue, 2009 U.S. Dist. LEXIS 89167, at *2 (N.D.N.Y. Sept. 28, 2009) (Mordue, J.); Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008).

However, courts in the Second Circuit have held that "[a]ttorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award." Dabul-Montini v. Astrue, 2011 U.S. Dist. LEXIS 43092, at *2 (N.D.N.Y. Apr. 21, 2011); Jones v. Colvin, 2015 U.S. Dist. LEXIS 150520, at *7 (W.D.N.Y. Nov. 5, 2015); Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008). For example, attorneys' fees in excess of the average time may be awarded where the unique facts or novel issues of the

case warrant such an award. See Hinton v. Sullivan, 1991 U.S. Dist. LEXIS 8915, at *5 (S.D.N.Y. July 2, 1991); Scott v. Astrue, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007).

Likewise, the size of the administrative transcript is an appropriate factor to consider in allowing a greater than average award of fees. See, e.g., Borus v. Astrue, 2012 U.S. Dist. LEXIS 143570, at *3 (S.D.N.Y. Sept. 28, 2012) (a factor weighing in favor of exceeding average hours was that the claimant's attorney "was forced to review an extremely voluminous administrative record, totaling nearly 700 pages") (citing Colegrove v. Barnhart, 435 F. Supp. 2d 218, 220 (W.D.N.Y. 2006) (on a motion for EAJA fees, the 1,100 page administrative record justified over 90 hours billed in a SSI case)); Jones, 2015 U.S. Dist. LEXIS 150520, at *7-8 (where the 990 page voluminous record covering seven years of history warranted compensation for 46.8 hours at an hourly rate of $195.60).

## IV.  DISCUSSION

Plaintiff's counsel requests an award of attorneys' fees that exceeds the average awarded in the Second Circuit by 6.7 hours. Thus, the issue is whether plaintiff's counsel has submitted enough evidence to warrant an upward departure from the average award of attorneys' fees.

To this end, plaintiff's counsel asserts that the instant case was not routine. Plaintiff's case had already been remanded once by the Appeals Council, prior to remand by the District Court. The case has a complicated history, such that it had progressed up and down the ladder of administrative review and spanned six years of administrative proceedings since the initial application for SSI benefits. See Dabul-Montini, 2011 U.S. Dist. LEXIS 43092.

Further, plaintiff's counsel managed a voluminous record that contained a transcript of 891 pages. See Borus, 2012 U.S. Dist. LEXIS 143570. Accordingly, the record has more than 400 pages of medical records, two ALJ decisions, two decisions from the Appeals Council, and testimony from four separate hearings. And while the issues presented for review before the District Court were not entirely novel, plaintiff's counsel marshaled a strong presentation of evidence from the voluminous record and ultimately achieved a successful outcome for their client.

Despite the voluminous nature of the record and complicated history of the case, plaintiff's counsel has requested only 6.7 hours more than the average amount of hours usually compensated in Social Security cases. Jones, 2015 U.S. Dist. LEXIS 150520, at *7-8. Thus, plaintiff's counsel has made a strong argument justifying the slight upward departure from the hours typically compensated for in a Social Security case. Attorneys' fees for the full 46.7 hours will be awarded at the hourly rate of $193.84.

## V. <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion for attorneys' fees warrants the slight upward departure from the average compensation in a Social Security disability case.

Therefore

    ORDERED that

    Plaintiff's motion for attorneys' fees is **GRANTED** in the amount of $9,049.76.

    The Clerk is directed to enter judgment accordingly and close the file.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: April 20, 2016
       Utica, New York